*113 OPINION OF THE COURT
Per Curiam.
On January 26, 2012, in the Supreme Court, Nassau County (Kase, J.), the respondent pleaded guilty to three counts of grand larceny in the third degree, a class D felony, in violation of Penal Law § 155.35. He was sentenced that day to five years’ probation and restitution in the amount of $35,000.
The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) now moves to strike the respondent’s name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b) based upon his felony conviction. The respondent has submitted no papers in response to the Grievance Committee’s motion.
By virtue of his felony conviction, the respondent ceased to be an attorney and counselor-at-law pursuant to Judiciary Law § 90 (4), and was automatically disbarred on January 26, 2012. Accordingly, the Grievance Committee’s motion to strike the respondent’s name from the roll of attorneys and counselors-at-law is granted, effective January 26, 2012, and the respondent’s name is stricken from the roll of attorneys based on his disbarment.
Eng, P.J., Mastro, Rivera, Skelos and Dillon, JJ., concur.
Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Robert I. Oziel, admitted as Robert Israel Oziel, is disbarred, effective January 26, 2012, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,
Ordered that the respondent, Robert I. Oziel, admitted as Robert Israel Oziel, shall continue to comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Robert I. Oziel, admitted as Robert Israel Oziel, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and its is further,
Ordered that if the respondent, Robert I. Oziel, admitted as Robert Israel Oziel, has been issued a secure pass by the Office *114 of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).